UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

CHARLIE PAUL BROCKMAN,                              Case No.: 11-00172-MAM-7

    Debtor.

CONSTANCE J. BROCKMAN,

    Plaintiff,

v.                                                  Adv. Proc. No.: 11-00074

CHARLIE PAUL BROCKMAN,

    Defendant.

## ORDER DENYING PLAINTIFF'S REQUEST FOR NONDISCHARGEABLE JUDGMENT

Marion E. Wynne, Attorney for the Plaintiff, Mobile, Alabama
Theodore L. Greenspan and Robert M. Galloway, Attorneys for the Debtor, Mobile, Alabama

This matter is before the Court pursuant to the complaint of Plaintiff Constance J. Brockman as to the dischargeability of an alleged debt in the case of Charlie Paul Brockman. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the following reasons, Plaintiff's request for a nondischargeable judgment is due to be DENIED.

FACTS

Plaintiff Constance J. Brockman ("Plaintiff") and Defendant-Debtor Charlie Paul Brockman ("Debtor") are ex-spouses. They initially married in August of 1980 and divorced on August 13, 2010. While married, the parties filed joint tax returns, including in 2006.

In 2009, the Debtor incurred a significant net operating loss. In July of 2010, the Debtor's certified public accountant, Jerry Hanack[1] ("Mr. Hanack"), advised the Debtor to file for a tax refund based on the 2009 net operating loss. Mr. Hanack explained that the Debtor could receive a refund by carrying his 2009 net operating loss back against his 2006 taxable income. Mr. Hanack referred to the arrangement as a "carryback." Mr. Hanack further explained that the carryback only applied to, and was based solely on, the Debtor's income. The Plaintiff's income was excluded from the computation. Ultimately, Mr. Hanack filed Internal Revenue Service ("IRS") Form 1045, an "Application for a Tentative Refund," on the Debtor's behalf.

The Debtor eventually received two separate refund checks from the IRS. The first check, in the amount of $7,116.00, was made payable to the Debtor only. The second check, for $16,402.00, was made payable to both the Debtor and his former wife, the Plaintiff. The Debtor cashed the second check shortly after its receipt by endorsing both his own name and the Plaintiff's. The Debtor testified that it was not his intention to take any money from the Plaintiff and that he was not trying to hide anything with his actions. Rather, he testified that, based on prior discussions with Mr. Hanack, he was under the impression that the money was completely his property. Accordingly, he used the proceeds of the check for his own purposes and gave no portion of the tax refund to the Plaintiff. Mr. Hanack testified that because the refund was based solely on the Debtor's income, the Plaintiff, in his opinion, was not entitled to share in its

---

[1] The parties stipulated to Mr. Hanack's qualification as an expert in tax related matters.

proceeds. However, he testified that he never advised the Debtor to sign the Plaintiff's name to the check.

On January 7, 2011 the Plaintiff received correspondence from the Internal Revenue Service explaining the following: "We changed your 2006 Form 1040 based on the tentative carryback application or carryback claim you filed. As a result, you are due a refund of $16,402.00." The correspondence was addressed to the Plaintiff and refers to the tax year 2006. The Plaintiff testified that she never received the refund check, the refund, or any portion of its proceeds. However, she testified that she later learned that the Debtor received the check and cashed it by signing her name. The Plaintiff stated that she did not give the Debtor permission to sign her name. The Plaintiff also admitted that she never personally filed a new 2006 tax return or an application for amendment. In accordance, Mr. Hanack testified that the Plaintiff was not involved with the Debtor's filing of IRS Form 1045 regarding the net operating loss and corresponding tax refund. He also explained that it was customary for the IRS to send notice to any joint taxpayer regarding changes to any tax return to which they were a party.

The Debtor filed for Chapter 7 bankruptcy relief on January 18, 2011. The Plaintiff filed this adversary proceeding on June 7, 2011 seeking a monetary judgment in the amount of $8,201.00 on the basis of willful and malicious conversion and asking this Court to deem the judgment nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Debtor answered Plaintiff's complaint on August 19, 2011 and denied all material allegations. The Court conducted a trial and took this matter under advisement on August 30, 2011.

LAW

In order for the Plaintiff's alleged debt to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6), the Plaintiff is required to prove by a preponderance of the evidence that the debt is

3

the result of "willful and malicious injury by the debtor" to herself or her property. *In re Alexander*, 201 B.R. 294, 297 (Bankr. N.D. Ala. 1996). The Court will first address whether the Plaintiff carried her burden of proving willful and malicious injury and conclude with a discussion of the effect of Defendant's unauthorized check endorsement.

I.

In support of her § 523(a)(6) nondischargeability complaint, Plaintiff alleges that the Debtor willfully and maliciously injured her by converting her portion of the second tax refund check. "Willful and malicious injury includes willful and malicious conversion, which is the unauthorized exercise of ownership over goods belonging to another to the exclusion of the owner's rights." *In re Wolfson*, 56 F.3d 52, 54 (11th Cir. 1995). Importantly, "[a] debt is nondischargeable under § 523(a)(6) only if the conversion was both 'willful' [and] 'malicious' and not just because the conversion was intentional or merely technical." *In re Hicks*, 100 B.R. 576, 577 (Bankr. M.D. Fla. 1989). "The term malicious for purposes of denying the discharge of a debt means a wrongful act done consciously and knowingly in the absence of just cause or excuse, while the term willful means intentional or deliberate." *Alexander*, 201 B.R. at 297.

Here, the Plaintiff has not carried her burden of proof regarding the elements of willful and malicious conversion. Although the Debtor's actions were likely willful, i.e., he deliberately signed Plaintiff's name to the second tax refund check in order to gain access to its proceeds, the Plaintiff has failed to prove that the Debtor acted with the requisite malice. The Debtor testified at trial that he had no intention of taking any money from the Plaintiff at the time he cashed the second check. Instead, the Debtor acted under the belief that he was legally entitled to all of the second check's proceeds. The Debtor's belief was based upon and is supported by the following facts: (1) the Debtor, not the Plaintiff, filed the application for the tax refund, (2) the application,

4

and its corresponding refund, were based solely upon the Debtor's 2009 net operating loss, (3) the loss was applied specifically to decrease the Debtor's 2006 taxable income, (4) the Plaintiff's 2006 income was excluded from the computation, (5) the Debtor previously received a refund check from the IRS pursuant to the carryback that was made payable to him alone, and (6) the Debtor relied on the assessment of his accountant, Mr. Hanack, that the proceeds of the tax refund were completely his. The Plaintiff did not present evidence to refute these facts or produce additional evidence tending to show that the Debtor acted with malice. Thus, the Court finds that the Debtor's actions, although willful, at most rise to the level of intentional or technical conversion because Plaintiff failed to prove by a preponderance of the evidence that the Debtor acted with the requisite element of malice. Further, because malice is a required element of willful and malicious conversion, the Court can deny Plaintiff's § 523(a)(6) complaint solely on that basis.

It is also unclear whether the Plaintiff was entitled to any portion of the tax refund in question. A patent requirement of willful and malicious conversion is that the goods allegedly converted belong to the party alleging conversion. *See Wolfson*, 56 F.3d at 54. Thus, if the Plaintiff was not entitled to any portion of the proceeds of the second check, then she could not claim that those proceeds were converted.

Plaintiff presented the following evidence to demonstrate her entitlement to some portion of the second tax refund check: (1) her name, along with the Debtor's, was affixed to the second check, (2) she received a letter from the IRS on January 7, 2011 explaining that she was owed a refund in the amount of $16,402.00, and (3) she and the Debtor filed joint tax returns while they were married, including in 2006. These items of evidence alone do not establish Plaintiff's legal right to any portion of the tax refund in question. In response, the Debtor presented the following

Case 11-00074   Doc 11   Filed 09/14/11   Entered 09/14/11 09:59:31   Desc Main
Document      Page 5 of 7

evidence in order to demonstrate his singular entitlement to the tax refund: (1) the tax refund was based on a carryback from the Debtor's 2009 net operating loss and applied specifically to decrease Debtor's 2006 taxable income, (2) the Plaintiff's 2006 income was excluded from the calculation, (3) the Plaintiff did not participate in, and was not initially aware of, the filing of the application for the tax refund, and (4) Mr. Hanack, an expert in tax related matters, testified that Plaintiff was not entitled to any portion of the tax refund check.

The Court finds that on balance the evidence is inconclusive as to the Plaintiff's entitlement to some portion of the refund check. Inconclusive evidence does not meet the preponderance standard. *See In re McAllister*, 211 B.R. 976, 990 (Bankr. N.D. Ala. 1997) (denying plaintiff's objection to discharge when the evidence was inconclusive because such a showing failed to meet the preponderance of the evidence standard). The Court finds that the Plaintiff has failed to meet its burden to show that it was entitled to any portion of the proceeds of the second tax refund check. Thus, the Plaintiff's complaint can be denied on that basis as well.

## II.

The Court acknowledges that the Debtor's unauthorized endorsement of Plaintiff's signature on the second refund check was wrongful. However, Plaintiff's suit for nondischargeability travels only under § 523(a)(6). As discussed above, the Debtor's conduct does not warrant an exception to discharge pursuant to that code section. Further, Plaintiff has failed to prove that she was damaged by the Debtor's wrongful conduct. Indeed, because Plaintiff has not proven by a preponderance of the evidence that she was entitled to some portion of the allegedly converted funds, she cannot claim to be damaged in any tangible way by the Debtor's receipt and disposal of such funds. Thus, although the Court does not condone the

Case 11-00074    Doc 11    Filed 09/14/11    Entered 09/14/11 09:59:31    Desc Main
Document    Page 6 of 7

Debtor's decision to affix an unauthorized signature to a negotiable instrument, it cannot, under the facts of this case, award any relief to the Plaintiff when the Plaintiff has not demonstrated any damages.

Therefore, it is ORDERED that:

1. Plaintiff's request for a nondischargeable judgment pursuant to § 523(a)(6) shall be DENIED.

Dated: September 14, 2011

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE